*Exhibit 1*

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case Number:

COURTNEY MURRAY,

    Plaintiff,

vs.                                  **Complaint for Damages - Jury Trial Demanded**

CHANEL, INC., a Corporation,

    Defendant.

_____/

Plaintiff, Courtney Murray, ("plaintiff" or "Ms. Murray") sues defendant, Chanel, Inc. ("defendant" or "Chanel"), and shows:

1. This is a retaliation claim brought under the Florida Civil Rights Act of 1992 ("FCRA") by a former manager of one of Chanel's boutique stores, who witnessed management making discriminatory comments about an older, Black woman whom Chanel did not want to hire because she didn't fit the "look" of its marketing campaign. Ms. Murray complained to human resources about the discriminatory treatment of the Black makeup artist. Shortly after that complaint, she was terminated.

## Jurisdiction, Venue and Parties

2. This action seeks relief within the jurisdiction of this court. Specifically, plaintiff seeks damages in excess of $30,000, exclusive of costs and interests, as well as injunctive relief.

3. Venue is proper in Miami-Dade County, Florida because the Chanel boutique where Ms. Murray was employed is located in this county and the causes of actions accrued here.

**Parties**

4. Ms. Murray was at all times material prior to her termination, an employee of Chanel who was discriminated against in violation of section 760.10(7), Florida Statutes because she opposed what she reasonably believed to be conduct made unlawful by the FCRA.

5. Chanel is a New York corporation at all material times registered to do business in Florida. It is an employer as envisioned by § 760.02(7), Florida Statutes.

**Satisfaction of Conditions Precedent**

6. Ms. Murray, on or about April 3, 2018, timely filed a charge of discrimination with the Florida Commission on Human Relations ("FCHR) and the Equal Employment Opportunity Commission ("EEOC").

7. More than 180 days elapsed without the EEOC or the FCHR either conciliating Ms. Murray's claims or making a finding of no-cause against her.

8. All other conditions precedent to the bringing of this action, if any, have been performed, have been waived, or would be futile.

**Unlawful Employment Practices under the FCRA**

9. The FCRA provides at section 760.10(7):

> It is an unlawful employment practice for an employer ... to discriminate against any person because that person has opposed

any practice which is an unlawful employment practice under this section . . ..

## General Allegations

10.   Ms. Murray, was hired by Chanel on or about October 2016 as a manager of Chanel's Aventura, Florida store.

11.   Ms. Murray was an exemplary employees who consistently met or exceeded her goals, received good performance reviews, and never received any written or verbal warnings.

12.   In February 2018, Ms. Murray overheard store director, Robyn Moore, make discriminatory comments to Cal Campos, assistant director, about an older Black freelance makeup artist who wanted to work for Chanel full-time.

13.   Specifically, after Mr. Campos questioned Ms. Moore's refusal to consider the older, Black makeup artist for an open position, Ms. Murray recalls Ms. Moore sarcastically asking if the freelance artist was going to sue Chanel because she was Black.

14.   Ms. Murray complained to human resources about Ms. Moore's comment.

15.   Human resources started an investigation and interviewed Ms. Murray about her complaints.

16.   After Ms. Murray participated in the human resources investigation, she was terminated on or about March 29, 2018.

## Count I: Retaliation in Violation of FCRA

17. Ms. Murray, realleges paragraphs 1- 16 as if fully set forth in Count I and further states:

18. Ms. Murray, engaged in protected activity under the FCRA when she complained about and opposed conducted and practices she reasonably believed constituted unlawful employment practices under the FCRA.

19. Chanel discriminated against Ms. Murray in the terms and conditions of her employment because of her protected activity.

20. As a direct, natural, proximate and foreseeable result of the actions of defendant, Ms. Murray has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

21. The retaliation that Ms. Murray has suffered, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

22. Chanel, through its upper management, was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to plaintiff that warrants punitive damages against Chanel, to punish it and to deter others.  Particularly, either:

   a. Chanel is directly liable for punitive damages because one or more its managing agents was personally guilty of intentional misconduct because it had actual knowledge of retaliatory acts visited upon plaintiff and that there was a high probability the retaliation would cause plaintiff emotional injury

and other pecuniary and non-pecuniary damages, but at best failed or refused to step in and stop it and at worst participated in the discrimination itself or, alternatively, was so reckless or wanting in care that its conduct constituted a conscious indifference to the rights of plaintiff to be free of such conduct; or

      b.    Chanel is vicariously liable for punitive damages because one or more of its officers, directors or managers knowingly condoned, ratified or consented to Chanel's employees retaliating against plaintiff, knowing that such retaliatory conduct would cause plaintiff emotional injury and other pecuniary and non-pecuniary damages.

WHEREFORE, plaintiff, Courtney Murray, prays this Court will:

**One**, issue a declaratory judgment that Chanel's practices towards her violates the prohibition against retaliation under the FCRA;

**Two**, award judgment against Chanel for compensatory damages, punitive damages, and the back pay and benefits to which plaintiff would have been entitled but for Chanel's retaliatory acts;

**Three**, enjoin Chanel, its management employees and/or agents to cease retaliating against plaintiff, to make her whole through reinstatement and restoration of benefits and seniority, or if that is not practical, through an award of front pay;

**Four**, grant plaintiff his costs, including a reasonable attorneys' fee, and such other and further relief as may be just.

## **Demand for Jury Trial**

Plaintiff, Courtney Murray, demands trial by jury on all issues so triable.

Respectfully submitted,

THE AMLONG FIRM
Attorneys for Plaintiffs
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

/s/Karen Coolman Amlong
KAREN COOLMAN AMLONG
Florida Bar No. 275565
Kamlong@TheAmlongFirm.com
WILLIAM R. AMLONG
Florida Bar No. 470228
WRAmlong@TheAmlongFirm.com
RANI NAIR BOLEN
Florida Bar No. 29293
Rbolen@TheAmlongFirm.com